Vardan MARABYAN; Khatun Ghazaryan, Petitioners,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 04–73580.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2009.*

Filed Jan. 20, 2009.

Reynold E. Finnegan, Esq., Finnegan & Diba A Law Corporation, Los Angeles, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Jean E. Williams, U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: O'SCANNLAIN, BYBEE, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Vardan Marabyan, and his wife, both natives and citizens of Armenia, petition

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS,* 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

Substantial evidence supports the BIA's conclusion that the events that occurred to Marabyan in Armenia do not rise to the level of past persecution. *See id.* at 1016–17. In addition, substantial evidence supports the BIA's conclusion that Marabyan failed to establish he has a well-founded fear of persecution because, even under a disfavored group analysis, he did not demonstrate the requisite individualized risk of persecution. *Cf. Sael v. Ashcroft,* 386 F.3d 922, 927–29 (9th Cir.2004). Lastly, the record does not establish that Marabyan demonstrated a pattern or practice of persecution. *See Kotasz v. INS,* 31 F.3d 847, 852–53 (9th Cir.1994). Accordingly, Marabyan failed to establish eligibility for asylum.

In his opening brief, Marabyan has not "specifically and distinctly argued and raised" any challenge to the denial of withholding of removal or CAT protection. *See Castro–Perez v. Gonzales,* 409 F.3d 1069, 1072 (9th Cir.2005).

**PETITION FOR REVIEW DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.